UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Khalil Demar Dodd, | Case No. 22-cv-2762 (ECT/DJF) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| John Doe; Jane Doe; City of Sherburne; US Marshall's; and Sherburne County Jail, | |
| Defendants. | |

---

On November 7, 2022, the Court ordered Plaintiff Khalil Demar Dodd, a federal prisoner, to submit to the Court by November 28, 2022: (1) a signed amended complaint; or a signed copy of his original Complaint, *see* Fed. R. Civ. P. 11 (a); and (2) a copy of his prison trust account (or other documentation certified by a prison official) showing the average deposits to and balance of that account for the six months preceding the filing of this action, so that the Court could calculate his initial partial filing fee 28 U.S.C. § 1915(b) ("November 7 Order") (ECF No. 3). On November 30, 2022, the Court extended Mr. Dodd's deadline to comply with its November 7 Order until December 23, 2022 ("November 30 Order") (ECF No. 5). Mr. Dodd submitted his financial information on December 27, 2022 (ECF No. 9) but did not file a signed amended complaint or original Complaint.

On January 3, 2023, the Court ordered Mr. Dodd to: (1) pay an initial partial filing fee of at least $29.83; and (2) submit a signed copy of his Complaint (ECF No. 1) or a signed amended complaint by January 24, 2023 ("January 3 Order") (ECF No. 10). The Court advised Mr. Dodd that if he failed to comply with its Order, the Court would recommend that this action be dismissed without prejudice for failure to prosecute. (*Id.*)

1

On January 23, 2023, Mr. Dodd requested an extension to comply with the Court's January 3 Order due to challenges related to timely receiving his mail in prison, including copies of the Court's Orders. (ECF No. 11.) On January 24, 2023, the Court granted Mr. Dodd one final extension and ordered him to pay his initial partial filing fee and to submit a signed copy of his Complaint (ECF No. [1]) or a signed amended complaint no later than March 7, 2023 (ECF No. 12 at 1-2). The Court cautioned, "[a]bsent extraordinary circumstances, the Court will not grant additional extensions" and advised, "[i]f Mr. Dodd fails to comply by March 7, 2023, the Court will deem that he has abandoned this action and will recommend that the case be dismissed without prejudice for lack of prosecution." (*Id.* at 2.)

Mr. Dodd did not pay his initial partial filing fee or submit a signed copy of his Complaint or a signed amended complaint by the March 7 deadline. Despite multiple extensions to comply with its Orders and a clear warning that the Court would deem the matter abandoned if Mr. Dodd failed to do so by March 7, 2023, Mr. Dodd did not satisfy either requirement or request an extension showing extraordinary circumstances. While the Court is sensitive to Mr. Dodd's status as a pro se litigant and a prisoner, at some point the case must move forward. Accordingly, the Court deems that Mr. Dodd has abandoned this action and recommends that it be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). The Court therefore also recommends that Mr. Dodd's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. [2]) be denied as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. This action be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute; and

2. His Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. [2]) be **DENIED AS MOOT**.

Dated: March 14, 2023                    *s/ Dulce J. Foster*
                                          DULCE J. FOSTER
                                          United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).