UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Khalil Demar Dodd, | File No. 22-cv-2762 (ECT/DJF) |
| Plaintiff, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION** |
| John Doe, Jane Doe, City of Sherburne, US Marshalls, and Sherburne County Jail, | |
| Defendants. | |

---

Plaintiff Khalil Demar Dodd, a federal prisoner, objects to the March 14, 2023, Report and Recommendation of Magistrate Judge Dulce J. Foster. ECF Nos. 15, 16. In his Complaint, Mr. Dodd alleges that his Eighth Amendment rights were violated after he fell from the top bunk in his cell at Sherburne County jail, lost two front teeth, and ruptured his gums. Compl. [ECF No. 1] at 5. Despite multiple deadline extensions, Mr. Dodd failed to comply with a court order to pay an initial partial filing fee and submit a signed copy of his Complaint. ECF No. 15. Accordingly, Magistrate Judge Foster recommended dismissing this action without prejudice for failure to prosecute and denying as moot Mr. Dodd's application to proceed in district court without prepaying fees or costs. ECF No. 15. Because Mr. Dodd has objected, the Court is required to review the report and recommendation de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). This order presumes familiarity with the Report and Recommendation. ECF No. 15.

The Federal Rules of Civil Procedure authorize district courts to dismiss a case when a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ.

P. 41(b); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Mr. Dodd argues that mail he received from the Court—perhaps the Report and Recommendation—was opened without him present. *See* ECF No. 16 ("Today I'm shocked that I received this letter so soon, still opend [sic] without me being present."). He argues that "[t]amperring mail [sic] is a Federal crime." *Id.* Whether the envelope containing the Report and Recommendation was opened without him being present has no bearing on his failure to comply with the Court's orders, all of which predated the Report and Recommendation. ECF Nos. 5, 10, 12. As evidenced by the numerous letters Mr. Dodd has submitted to the Court, ECF Nos. 4, 7, 8, 9, 11, 13, 14, and his timely objection to the Report and Recommendation, ECF No. 16, mail service has not adversely impacted Mr. Dodd's ability to respond to the Court.

Mr. Dodd requests an extension of time to comply with the Court's January 3, 2023, order to pay the partial initial filing fee of $29.83. *See* ECF No. 10. He stated on March 22, 2023, that his payment was "pending." ECF No. 16. It has now been over a month since Mr. Dodd submitted this request, and over four months since the order to pay. Mr. Dodd has still not paid his partial filing fee. Magistrate Judge Foster properly concluded that Mr. Dodd's ongoing failure to prosecute warrants dismissal without prejudice.

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. The Objection to the Report and Recommendation [ECF No. 16] is **OVERRULED**;

2. The Report and Recommendation [ECF No. 15] is **ACCEPTED** in full;

3. This action is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute; and

4. Plaintiff Khalil Demar Dodd's Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 2] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  May 9, 2023                                           s/ Eric C. Tostrud
                                                                                  Eric C. Tostrud
                                                                                 United States District Court